# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RALPH A. LISOWE
    **Plaintiff,**

    v.                Case No. 05-C-354

JO ANNE B. BARNHART,
 Commissioner of the Social Security
Administration,
    **Defendant.**

## DECISION and ORDER

On May 31, 2006, following the entry of judgment reversing the decision of the Commissioner denying Ralph Lisowe's application for benefits and remanding the case to the Commissioner for further proceedings, the plaintiff moved for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). Plaintiff asks for an award in the amount of $6,395.62. The amount has been calculated upon the hours expended and the statutory rate of $125.00 per hour, but adjusted upward based upon the "all items" index of the Consumer Price Index. Varying adjustments are made since counsel's time on this case commenced in 2005. The Commissioner has failed to respond to the motion.

The threshhold issue to resolve is whether or not the position of the Commissioner was substantially justified. "Substantially justified" means that the Commissioner's position was "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 108 S.Ct. 2541, 2550 (1988) (citation omitted.) Only a single determination is to be made, which means that both the agency's pre-litigation conduct and litigation

position must be evaluated.  Commissioner, Immigration and Naturalization Service v. Jean, 110 S. Ct. 2316, 2320 (1990).

The court remanded this matter for additional administrative proceedings, concluding that the ALJ's findings at Steps 4 and 5 were not supported by substantial evidence.  In view of the fact that the Commissioner has failed to challenge the motion, it is not necessary to review the reasons for its decision to remand, except to note that this court is persuaded that the failure of the ALJ to fully develop the record in a number of important areas supports a conclusion of lack of substantial justification.  In other words, the position of the Commissioner was not substantially justified, and the plaintiff is entitled to an award of fees under the EAJA.

A review of the billing record of plaintiff's counsel indicates that a total of 40.2 hours was devoted to handling the merits of the case, including the preparation of the EAJA motion.  The court concludes that the hours expended, together with the rate used, are both reasonable and necessary.

THEREFORE, the plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act is GRANTED, in the amount of $6,395.62.  The judgment shall be amended accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2006.

BY THE COURT:

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE